### St. John Smith *versus* Zebulon Trickey.

The defendant and several others signed a paper wherein they agreed, that all notes to which they were respectively a party, left in a certain bank for collection, should be considered the same as if made payable at that bank, and then said — " and we further agree, that notices left at the places set against our names shall be considered legal and binding on us" — and no place was set against the name of the defendant; he was left thereby in a condition to insist upon his legal rights as indorser, so far as it respected the place to which notices should be sent.

Assumpsit against the defendant, who was admitted to have indorsed the note of which a copy follows : —

" $282,16. For value received, we jointly and severally promise to pay Zebulon Trickey, or his order, two hundred and eighty-two dollars and sixteen cents in ninety days from date, with interest. " Thomas Seal,

" Westbrook, Dec. 20, 1837. " Jeremiah Bailey."

The waiver book, as it was called by the cashier of the bank, introduced in evidence at the trial, and referred to in the opinion of the Court, was in these words : —

" We the subscribers, hereby agree, that all notes, bills, acceptances and other securities discounted or left for collection at the Casco Bank, whereon we, or either of us, are promisors, acceptors, indorsers, or parties in any respect, shall be considered by us as though the same were made payable, expressly at said bank ; and we further agree, that notices left at the places set against our names shall be considered legal and binding on us; and we hold ourselves liable therefor,

although the promisors or other parties to said notes, bills, acceptances, or other securities, residing out of the town of Portland, may not be notified thereon, nor demand made on them."

This was signed by several persons, and among the rest, by the defendant and by the makers of the note. It did not appear at what time their signatures were made, but merely, that the time must have been as early as Sept. 20, 1831. There was no place set against the name of the defendant.

*W. P. Fessenden,* for the plaintiff, contended that the waiver signed by the defendant applied to all demands left in that bank for collection ; and that the true construction of the paper was, that where the party affixing his signature to the paper, did not put down a place at which his notices should be left, that he thereby waived all claim to notice.

*Haines,* for the defendant, contended that this contract of waiver could have no effect upon the defendant in the present case, whatever construction might be given to it, as it was made more than six years before the note fell due.

But the waiver is only of demand, not of notice. Notice was to be given to those who named a place, as well as to those who did not. If the defendant had named Cape Elizabeth, and notice had been sent to Westbrook, it would not have been pretended, that the notice was legal. As no place was fixed by the defendant, that clause in the paper was inoperative as to him.

The opinion of the Court was by

SHEPLEY J. — The facts stated in this case show, that the residence of the defendant had been established in the town of Cape Elizabeth for a great number of years. And that he had no place of business elsewhere for about five years before the note was made, or since that time. That there was no postoffice in that town ; and that letters directed to persons residing there were usually delivered to them from the postoffice in the city of Portland, that being the most convenient postoffice for such persons. That a notice was made out for the defend-

ant in due form on the last day of grace by the cashier of the Casco Bank, in which the note was left for collection, and handed to the messenger, who on the same day deposited it in the postoffice in Portland, directed to the defendant at Westbrook. The notice would of course be sent to Westbrook, where the defendant did not reside ; and there is no evidence to prove, that it was ever received by him. It is not contended, that he could be charged by such a notice. The plaintiff claims to charge him on the ground, that he had waived or dispensed with demand and notice by a written agreement made with the bank. The agreement appears to have been prepared to be signed by those, who transacted business with the bank ; and it was signed by the defendant several years before the note, on which this suit was brought, was made. That agreement contains three distinct clauses or stipulations. By the first clause, the signers agree, that notes, bills, acceptances and other securities, to which they were parties, discounted or left for collection in that bank, should be considered as made payable at the bank. The defendant by this clause waived a presentment of the note to the makers at Westbrook. But the clause does not dispense with a notice to himself. By the second clause the signers " further agree, that notices left at the places set against our names shall be considered legal and binding on us." There was no place set against the name of the defendant. As the bank was not informed of any particular place, to which notices for him should be sent, it is insisted, that it amounted to a waiver of notice. A person, who was willing to agree to the first and last clauses, and was not willing to designate any place, where notices for him should be left, might properly sign the agreement without inserting any place against his name. It would then truly exhibit the intention. If the bank was not satisfied to deal with him upon such terms it should have required him to insert a place against his name. If a place had been designated, a notice left at that place would have been sufficient. The omission to designate a place left the parties in a condition to insist upon their legal rights, so far as it respects the place to which notice should be sent.

The third and last clause of the agreement is a waiver of presentment for payment to all persons residing out of Portland and first liable on the paper. The signers hold themselves to be liable to pay such paper although no demand has been made upon such persons for payment. But there is no waiver of a notice to themselves in this clause, that payment has not been made according to agreement. It has for a long time been the settled law, that a waiver of demand is not a waiver of notice. The case does not show, that the defendant was legally notified, or that he waived notice; and the action cannot be maintained.

*Plaintiff nonsuit.*